# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN J. CASTELLANO,<br><br>                Plaintiff,<br>v.<br><br>RYAN KUEPPER, CHERYL EPLETT, PATRICIA LIS, ASHLEY WALTHER, ALYSSA MALONEY, TODD GILLINGHAM, JEFFREY FREUND, and DANIEL MCMILLAN,<br><br>                Defendants. | Case No. 21-CV-962-JPS<br><br>**ORDER** |

      Plaintiff John J. Castellano, an inmate confined at Oshkosh Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his First Amendment constitutional rights by retaliating against him. ECF No. 1. On December 8, 2021, Plaintiff filed a motion to amend the complaint with the proposed amended complaint attached. ECF No. 11. On March 9, 2022, Plaintiff filed a motion for an order that Plaintiff has exhausted administrative remedies. ECF No. 13.

      Federal Rule of Civil Procedure 15 allows a plaintiff to amend the complaint once as a matter of course in certain circumstances and the Court should freely grant leave to amend when justice so requires. Here, Plaintiff filed his motion to amend prior to the Court screening the original complaint, and the Court will grant Plaintiff's motion to amend. As such, the Court will screen ECF No. 11-1 at the operative complaint in this matter.

Plaintiff's motion for an order regarding exhaustion is premature. Because exhaustion is an affirmative defense, the defendants bear the burden of proving that Plaintiff failed to exhaust. *See Pavey v. Conley*, 544 F.3d 739, 74041 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Plaintiff's motion is therefore premature as no defendants have been served and the issue of exhaustion is not before the Court. As such, the Court will deny Plaintiff's motion for an order that Plaintiff has exhausted administrative remedies. ECF No. 13.

This remainder of this Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his amended complaint.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On August 23, 2021, the Court ordered Plaintiff to pay an initial partial filing fee of $5.85. ECF No. 5. Plaintiff paid that fee on September 3, 2021 and on September 8, 2021. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints

liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff's allegations revolve around retaliation claims for exercising his First Amendment rights to file prisoner complaints. On or about May 9, 2021, or May 10, 2021, Plaintiff complained, verbally, to Defendant Ryan Kuepper ("Kuepper") about the mistreatment of another special needs inmate. ECF No. 11-1 at 2, 4. On May 13, 2021, Kuepper called for a staff meeting with Plaintiff, Defendant Patricia Lis ("Lis"), Defendant Daniel McMillan ("McMillan"), Defendant Ashley Walther ("Walther") and Defendant Alyssa Maloney ("Maloney") for the purpose of admonishing Plaintiff for his original complaint of Kuepper. *Id.* at 4. During this meeting, these defendants threatened Plaintiff with the deprivation of his ISNW job if he did not cease and desist from meddling in Transitional Treatment Center ("TTC") affairs. *Id.* McMillan allegedly did all the talking during this meeting. Although McMillan did not have a personal interest in the matter, Kuepper instructed McMillan to put Plaintiff in his place, to stand down, and to use his authority to intimidate Plaintiff. *Id.* On May 25, 2021, Plaintiff filed a DCO-400 inmate complaint against Kuepper and Lis regarding their mistreatment of another special needs inmate. *Id.* at 2. On June 2, 2021, in Kuepper's office with Plaintiff's complaint in hand, Kuepper and Lis made good on their threat and terminated Plaintiff from his ISNW job and had him "booted" off the unit. *Id* at 4.

Plaintiff further alleges that Defendant Jeffrey Freund ("Freund") systematically rejected, returned, or dismissed Plaintiff's inmate complaint on June 11, 2021. *Id.* at 9–10. Defendant Todd Gillingham ("Gillingham")

also allegedly retaliated against him by dismissing his administrative complaints on various dates in June and July of 2021. *Id.* at 8–9. Finally, Plaintiff alleges that Defendant Warden Cheryl B. Eplett ("Eplett") made herself a party to the retaliation when she dismissed Plaintiff's inmate complaint on June 15, 2021. *Id.* at 7. Eplett deferred to the complaint examiner's recommendation to dismiss Plaintiff's retaliatory First Amendment claims. *Id.*

### 2.3 Analysis

First, the Court finds that Plaintiff can proceed against Kuepper and Lis on First Amendment retaliation claims. To prevail on this claim, Plaintiff must ultimately show that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Here, Plaintiff alleges that the defendants retaliated against him for filing inmate grievances. It is well established that a prisoner's ability to file complaints is protected by the First Amendment. *See Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). As for the second element, he alleges suffering a deprivation—getting fired from his prison job and "booted" from the unit—that, we can infer, would likely dissuade a person of ordinary firmness from exercising further First Amendment activity. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (prison transfer likely to deter First Amendment activity). Finally, Plaintiff alleges that Kuepper and Lis fired him from his job, with his administrative complaint in their hands, which suggests it was at least a motivating factor in the deprivation. At the

Page 5 of 10
Case 2:21-cv-00962-JPS   Filed 07/29/22   Page 5 of 10   Document 14

pleading stage, the Court finds these allegations sufficient to state First Amendment retaliation claims against Kuepper and Lis.

The Court does not, however, find that these allegations state a retaliation claim against McMillan, Walther, or Maloney. These defendants participated in Kuepper's May 13, 2021, meeting where Plaintiff was threatened with the loss of his job for verbally complaining about Kuepper's treatment of the special needs inmate. Plaintiff did not submit his inmate complaint, however, until well after this meeting on May 25, 2021. Additionally, there are no facts to suggest McMillan, Walther, or Maloney took any part in the retaliatory act—getting Plaintiff fired from his prison job and "booted" from the unit—to meet the third prong needed to state a retaliation claim. As such, the Court will dismiss McMillan, Walther and Maloney from this action for the failure to state a claim against them.

Finally, the Court will dismiss Eplett, Freund, and Gillingham from this action. Plaintiff's only allegations regarding these defendants involve their failure rule in his favor on the administrative prisoner complaints. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). As such, the Court will dismiss Eplett, Freund, and Gillingham from this action as well.

### 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** First Amendment retaliation against Defendants Kuepper and Lis.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners.

These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order regarding exhaustion of administrative remedies, ECF No. 13, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint, ECF No. 11, be and the same is hereby **GRANTED**; the Clerk of Court shall docket ECF No. 11-1, the amended complaint, as the operative complaint in this action;

**IT IS FURTHER ORDERED** that Defendants Eplett, Walther, Maloney, Gillingham, Freund, and McMillan be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants Kuepper and Lis;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the amended complaint within 60 days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** that if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $338.30 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust

account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2022.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.