# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN J. CASTELLANO,**

        **Plaintiff,**

v.                                                  Case No. 21-CV-962

**RYAN KUEPPER,** *et al.***,**

        **Defendants.**

## DECISION AND ORDER

Plaintiff John J. Castellano, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Castellano was allowed to proceed on a First Amendment retaliation claim against the defendants for wrongfully terminating him from his prison job. The defendants filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 20.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 7, 18.) The motion is fully briefed and ready for a decision.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit."

*See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful

administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

The Inmate Complaint Review System (ICRS) is the main process an inmate must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. An inmate must file a complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about. Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the institution complaint examiner (ICE) may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i). An inmate may appeal the rejected complaint to the appropriate reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10). A complaint may be returned within 10 days of receipt if it fails to meet filing requirements, Wis. Admin. Code § DOC 310.10(5). An inmate has 10 days to correct the deficiencies. Wis.

Admin. Code § DOC 310.10(5).

Once the ICE accepts the complaint, the ICE makes a recommendation to the Reviewing Authority. Wis. Admin. Code § DOC 310.10(12). The Reviewing Authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)-(2). Within 14 days after the date of the reviewing authority's decision, an inmate may appeal the reviewing authority's decision to the Corrections Complaint Examiner (CCE). Wis. Admin. Code § DOC 310.12(1). Appeals may not exceed 500 words total and may not exceed two pages. Wis. Admin. Code § DOC 310.09(2)(e).

The CCE then has 45 days to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The CCE "may recommend rejection of an appeal not filed in accordance with § DOC 310.09." Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days to make a decision following receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the CCE's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

*Castellano's Claims*

Castellano alleges that on June 2, 2021, the defendants fired him from his job as an Inmate Special Needs Worker at Oshkosh Correctional Institution because he filed an inmate complaint regarding the mistreatment of another inmate. (ECF No. 30, ¶¶ 1-8.) He was allowed to proceed on a First Amendment retaliation claim against

4

defendants Ryan Kuepper and Patricia Lis. (ECF No. 22, ¶ 1.)

*Castellano's Attempts to Exhaust His Administrative Remedies*

There are four relevant inmate complaints that show Castellano's attempts to exhaust his administrative remedies.

OSCI-2021-7577

On May 17, 2021, the ICE office received inmate complaint OSCI-2021-7577, which was filed before Castellano was fired. (ECF No. 22, ¶ 2.) In the inmate complaint Castellano alleged "he was being retaliated against by V-Building staff for speaking out about the perceived mistreatment of another inmate." (*Id.*) On May 26, 2021, and June 11, 2021, Castellano filed two more complaints, whose numbers are not identified in the record, which were promptly returned by the ICE because they were substantially similar to OSCI-2021-7577. (*Id.*, ¶¶ 3-4.) On June 15, 2021, the ICE recommended that OSCI-2021-7577 be dismissed and the Reviewing Authority accepted the recommendation the same day. (*Id.*, ¶ 5.) On June 19, 2021, Castellano appealed the dismissal of OSCI-2021-7577. (ECF No. 23-2 at 17.) His appeal was four single-spaced typed pages. (*Id.* 16-21). Because Castellano's appeal exceeded the 500-word and 2-page limit set by the Wisconsin Administrative Code, the CCE recommended Castellano's appeal be rejected. (ECF No. 22, ¶ 6.) On July 16, 2021, the Office of the Secretary accepted the CCE's recommendation and rejected his appeal. (*Id.*) Castellano did not refile an appeal that was compliant with the word and page limits. (*Id.*)

OSCI-2021-8570

On June 3, 2021, the ICE office received inmate complaint OSCI-2021-8570 in which Castellano alleged he was wrongfully terminated from his job as a result of an inmate complaint he filed on May 25, 2021. (ECF No. 22, ¶ 7.) On June 28, 2021, the ICE recommended dismissal of Castellano's complaint, and on July 1, 2021, the Reviewing Authority dismissed the complaint. (*Id.*, ¶ 8.) On July 4, 2021, Castellano appealed the dismissal of his inmate complaint. (ECF No. 23-3 at 17.) His appeal was five pages hand-written in a small, cramped manner. (*Id.* 17-21.) The CCE recommended Castellano's appeal be rejected because it exceeded the word and page limits, and on July 20, 2021, the Office of the Secretary rejected his appeal. (ECF No. 22, ¶ 9.) Castellano did not resubmit an appeal that was compliant with the word and page limits. (*Id.*)

OSCI-2021-9167

On June 15, 2021, the ICE office received inmate complaint OSCI-2021-9167 in which Castellano alleged he was wrongfully terminated from his job and that Kuepper lacked the authority to fire him. (ECF No. 22, ¶ 10.) On July 13, 2021, the ICE rejected Castellano's inmate complaint because it was previously addressed by inmate complaint OSCI-2021-8570. (*Id.*, ¶ 11.) Castellano did not appeal the rejection of OSCI-2021-9167 because "it was only a collateral issue, not the main issue in this instance case." (*Id.*, ¶ 12; ECF No. 30, ¶ 98.)

OSCI-2021-10576

On July 13, 2021, the ICE office received inmate complaint OSCI-2021-10576 in which Castellano complained that the ICRS is not properly investigating his

complaints or following the proper process. (ECF No. 30-1 at 60.) On August 9, 2021, the ICE recommended dismissal of OSCI-2021-10576, and the Reviewing Authority dismissed the inmate complaint the same day. (*Id.* at 63.) On August 20, 2021, Castellano's appeal was received by the CCE. (*Id.* 67.) That same day, the CCE recommended dismissal of the appeal because "[t]he institution responded to the complaint. The complainant has exhausted his administrative remedies in OSCI-2021-7588 and OSCI-2021-8570." (*Id.*) On August 31, 2021, the Office of the Secretary accepted the CCE's recommendation for dismissal and dismissed the case. Castellano filed this lawsuit on August 13, 2021. (ECF No. 1.)

*Castellano's Additional Assertions Regarding his Inmate Complaints*

Castellano asserts that the CCE improperly rejected inmate complaints OSCI-2021-7577 and OSCI-2021-8570 and, pursuant to the administrative code, the complaints should have been returned instead. (ECF No. 30, ¶ 48.) He also argues that, in order to successfully appeal his dismissed complaints, he needed to exceed the word and page limits. (*Id.*, ¶ 47.) He contends he could not properly explain why his First Amendment rights were violated in two pages and 500 words. (*Id.*) Castellano further argues that the CCE's statement in her recommendation on OSCI-2021-10576 led him to believe that he had exhausted his administrative remedies. (*Id.*, ¶¶ 59-60.)

*Analysis*

The Court of Appeals for the Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a

7

case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only when he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018).

Castellano did not properly complete the exhaustion process for OSCI-2021-7577, OSCI-8570, and OSCI-2021-9167. Regarding OSCI-2021-7577 and OSCI-2021-8570, Castellano's appeal was properly rejected pursuant to Wis. Admin. Code. § DOC 310.12(5) because it did not meet the word and page limits as required by Wis. Admin. Code § DOC 310.09(2)€. To fully exhaust his administrative remedies, Castellano needed to resubmit his appeal to meet the requirements. The rejection of his appeal was not a final decision on the merits of his appeal. That Castellano did not believe he could fully set forth his case in 500 words or 2 pages does not excuse his failure to follow the required procedure or render the administrative process unavailable to him.

Regarding OSCI-2021-9167, after the ICE rejected the complaint pursuant to Wis. Admin. Code § DOC 310.10(6)(g), Castellano admits that he chose not to appeal because "it was only a collateral issue." (ECF No. 30, ¶ 98.) Thus, it is undisputed that he did not fully exhaust his administrative remedies with regard to OSCI-2021-9167.

Castellano *did* fully exhaust his administrative remedies relating to OSCI-2021-10576. However, he did not do so until approximately two weeks *after* he filed this lawsuit.

8

As for the fact that the CCE's recommendation on OSCI-2021-10576 stated that Castellano had fully exhausted the issue raised in inmate complaints OSCI-2021-7577 and OSCI-2021-8570, that may have been enough to show that the administrative process was complete—had Castellano received that information before filing this lawsuit. No reasonable jury could conclude that Castellano exhausted his administrative remedies prior to filing this lawsuit.

## CONCLUSION

For the reasons stated above, Castellano failed to exhaust his administrative remedies for his First Amendment retaliation claims. Therefore, his case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 28th day of March, 2023.

BY THE COURT

*[signature: William E. Duffin]*

WILLIAM E. DUFFIN
United States Magistrate Judge